[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10272
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-00482-TJC-MCR

SAMUEL JOSEPH GARDNER,

Plaintiff-Appellant,

versus

G RISKA,
in his individual and official capacity,
TONI BOWDEN,
in her individual and official capacity,
SECRETARY DEPARTMENT OF CORRECTIONS,
in his individual and official capacity,
FLORIDA DEPARTMENT OF CORRECTIONS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 22, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Samuel Gardner, a prisoner proceeding pro se, brought 42 U.S.C. § 1983 claims against the Florida Department of Corrections ("DOC"), the Secretary of the DOC, Walter A. McNeil, and DOC employees G. Riska and Toni Bowden alleging that the defendants violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by denying him a Kosher diet. The district court granted summary judgment in favor of McNeil, Riska, and Bowden on the ground that Gardner failed to demonstrate that he sincerely believed that a Kosher diet is important to his free exercise of religion. The district court also dismissed the claim against the DOC as frivolous pursuant to 28 U.S.C. 1915A(b) on the ground that the DOC is not a "person" within the meaning of 42 U.S.C. § 1983. Gardner appeals these rulings.

I.

We review de novo the district court's grant of summary judgment in favor of McNeil, Riska, and Bowden, applying the same standard as the district court and viewing all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. Miccosukee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1243 (11th Cir. 2008).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Once the moving party has carried its burden, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Section 3(a) of RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." Cutter v. Wilkinson, 544 U.S. 709, 721 (2005). More expansive than prisoners' rights under the First Amendment, RLUIPA "affords to prison inmates a heightened protection from government-imposed burdens, by requiring that the government demonstrate that the substantial burden on the prisoner's religious exercise is justified by a compelling, rather than merely a legitimate, governmental interest." Smith v. Allen, 502 F.3d 1255, 1266 (11th Cir. 2007) (internal quotation marks omitted), abrogated on other grounds by Sossamon v. Texas, __ U.S. __, 131 S.Ct. 1651 (2011). Thus, if Gardner's RLUIPA rights were not violated, neither were his First Amendment rights.

"To establish a prima facie case under section 3 of RLUIPA, a plaintiff must demonstrate 1) that he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened." Smith, 502 F.3d at 1276. "The practice burdened need not be central to the adherent's belief system, but the adherent must have an honest belief that the practice is important to his free exercise of religion." Sossamon v. Lone Star State of Texas, 560 F.3d 316, 332 (5th Cir. 2009). "Although RLUIPA bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion, . . . the Act does not preclude inquiry into the sincerity of a prisoner's professed religiosity." Cutter, 544 U.S. at 725 n.13.

Here, Gardner failed to demonstrate that he sincerely believes that a Kosher diet is important to the free exercise of his religion. The defendants submitted affidavits from two canteen operators who stated that they had sold Gardner numerous non-Kosher items, heated many of these non-Kosher items for Gardner, and witnessed him consume many of these items, despite the fact that the canteen menu included items designated as Kosher. The defendants also submitted records demonstrating that Gardner purchased numerous non-Kosher items from the prison canteen. In response, Gardner only submitted his own affidavit, which neither refuted the defendants' evidence, nor stated that he sincerely believed that a Kosher diet is important to the free exercise of his religion. As Gardner failed to

4

come forward with specific facts demonstrating that he had a sincere belief that a Kosher diet is important to the free exercise of his religion, he failed to carry his burden at summary judgment of establishing a prima facie case under section 3 of RLUIPA. Accordingly, defendants McNeil, Riska, and Bowden are entitled to judgment as a matter of law.

## II.

We review the district court's sua sponte dismissal of Gardner's claim against DOC pursuant to 28 U.S.C. § 1915A for an abuse of discretion. Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A civil complaint filed by a prisoner seeking redress from a governmental entity or an employee or officer of a governmental entity must be dismissed if the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915A(b)(1). "A claim is frivolous if and only if it 'lacks an arguable basis either in law or in fact.'" Miller, 541 F.3d at 1100 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

To establish a claim under § 1983, a plaintiff must show that he "was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (emphasis added). "A state, a state agency, and a state official sued in his official capacity are not

5

'persons' within the meaning of § 1983, thus damages are unavailable." <u>Edwards v. Wallace Cmty. Coll.</u>, 49 F.3d 1517, 1524 (11th Cir. 1995). As the DOC is a state agency, and thus not a person within the meaning of § 1983, Gardner's § 1983 claim for damages against the DOC is frivolous.

However, Gardner's claim for injunctive relief against the DOC is not frivolous because RLUIPA creates an express private cause of action for injunctive and declaratory relief against the government, which includes "States, counties, municipalities, their instrumentalities and officers, and persons acting under color of state law." <u>Sossamon v. Texas</u>, __ U.S. __, 131 S.Ct. 1651, 1656 (2011). Nonetheless, because Gardner failed to establish a prima facie claim under RLUIPA, the DOC is still entitled to judgment as a matter of law.

**AFFIRMED.**